FILED
May 06, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002612376

3

JaVonne M. Phillips, Esq., SBN 187474
Mishaela J. Graves, Esq., SBN 259765
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800 Ext. 3423
Fax (619) 685-4810

Attorney for: Secured Creditor,
BankUnited, Assignee of FDIC, as Receiver for BankUnited, FSB, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-21877 |
| Deborah L. Gibson, | ) DC No.: MIG-1 |
| Daniel P. Harr, | ) Chapter 13 |
| Debtors. | ) |
| BankUnited, Assignee of FDIC, as Receiver for BankUnited, FSB, its assignees and/or successors, | ) **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| Secured Creditor, | ) |
| v. | ) Date: 5/25/2010 |
| Deborah L. Gibson, Daniel P. Harr, Debtors; and Jan P. Johnson, Chapter 13 Trustee, | ) Time: 9:31AM<br>) Ctrm: 32, 6th Floor<br>) Place: 501 I Street<br>) Sacramento, CA |
| Respondents. | ) Judge: Thomas Holman |

BankUnited, Assignee of FDIC, as Receiver for BankUnited, FSB, its assignees and/or successors ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtors property, commonly known as 165 Moody Meadow Road, Chester, CA 96020, ("Property" herein). **See Exhibit "1"**.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

As stated in the attached Declaration, the Debtors have failed to make three post-petition payments (02/01/10 through 04/01/10).

Before the filing of the instant motion, a letter advising of the delinquency of the subject loan was sent to the debtors and any attorney of record, providing an opportunity to cure it. Counsel for Secured Creditor also met and conferred with the Chapter 13 Trustee and/or reviewed the Trustee's Ledger in order to confirm the post-petition delinquency.

Furthermore, Debtors intend to <u>surrender</u> the subject property as set forth in Debtors' Chapter 13 Plan. **See Exhibit "4"**.

Based on the foregoing, Secured Creditor alleges that Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the 10-day described by Bankruptcy Rule 4001(a)(3) be waived.

3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

4. For attorneys' fees and costs incurred herein.

5. For such other relief as the Court deems proper.

6. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

Dated: May 6, 2010                     McCarthy & Holthus, LLP

                                       By:  /s/ Mishaela J. Graves
                                            Mishaela J. Graves, Esq.
                                            Attorney for Secured Creditor
                                            BankUnited, Assignee of FDIC, as Receiver
                                            for BankUnited, FSB, its assignees and/or
                                            successors